## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| **CHURCHES UNITED WITH ISRAEL, INC., a Texas nonprofit corporation; and MICHAEL EVANS, an individual,** | § § § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § | Civil Action No. |
| **JENTEZEN FRANKLIN, an individual; and FREE CHAPEL WORSHIP CENTER, INC., a Georgia nonprofit corporation,** | § § § § § | |
| **Defendants.** | § § | |

## PLAINTIFFS' COMPLAINT

Plaintiffs, Churches United With Israel, Inc. and Michael Evans, an individual, by and through their counsel of record, Miller & Martin, hereby file this Complaint against Defendants, Jentezen Franklin, an individual and Free Chapel Worship Center, Inc., and allege and state as follows:

## PARTIES

1.     Plaintiff, Churches United With Israel, Inc. ("Churches United"), is a nonprofit corporation incorporated in the state of Texas with its principal place of

business in Tarrant County, Texas.

2.      Plaintiff, Michael Evans ("Evans"), is an individual residing in the state of Texas.

3.      Defendant, Jentezen Franklin ("Franklin"), is an individual, who, upon information and belief, resides in Hall County, Georgia.

4.      Defendant, Free Chapel Worship Center, Inc. ("Free Chapel") is a nonprofit corporation incorporated in the state of Georgia and has its principal place of business in Hall County, Georgia.

5.      Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, Franklin, resides in this District and Defendant, Free Chapel, has its principal place of business in this District.

6.      This Court has jurisdiction over this matter on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332 because (i) this civil matter involves an amount in controversy exceeding $75,000, exclusive of interest and costs, and (ii) Plaintiffs and Defendants are citizens of different states.

## GENERAL ALLEGATIONS

7.      Churches United is a religious nonprofit organization recognized as exempt from taxation consistent with Section 501(c)(3) of the Internal Revenue

2

Code. Churches United is dedicated to assisting those primarily of the Jewish faith with improving their lives.

8.     In 2017, Churches United, through its founder, Evans, initiated several projects in Jerusalem, Israel, consistent with its charitable corporate mission, as follows:

(a)    construction of a Holocaust survivor's kitchen, the purpose of which is to prepare meals for Holocaust survivors in need;

(b)    implementation of a feeding program in conjunction with the survivor's kitchen to also feed and distribute meals to Holocaust survivors;

(c)    construction of a community center for Holocaust survivors, for the purpose of providing a centralized location for such survivors to gather and provide mutual support; and

(d)    creation of a dedicated center where Israeli Defense Forces and Holocaust survivors could meet and provide mutual support.

The above-described projects are collectively referred to herein as the "Projects."

9.     During the year 2017, Evans and Franklin had discussions culminating on December 13, 2017, when Evans, on behalf of Churches United, attended a dinner event with Franklin, wherein Plaintiffs and Defendants agreed to collaborate in the raising of funds for the Projects. During the dinner, Franklin, individually, and on

3

behalf of Free Chapel, agreed to collaborate with Churches United to raise funds for the Projects in exchange for the consideration listed below.

10.     Following the dinner and in furtherance of the initial conversation, Franklin proposed to Evans that Defendants would solicit donations for the Projects and promised that 100% of the funds Defendants collected would to be remitted to Churches United for the Projects.  Franklin further promised Evans that Defendants would remit $100,000 per month in charitable donations to Churches United toward the Projects and that additional donations in excess of that monthly amount would be remitted to Churches United, if additional amounts were received.

11.     As consideration for the receipt of the donated funds from Franklin and Free Chapel, Evans on behalf of Churches United agreed to:

(a)     construct a donor's wall acknowledging and thanking donors to Defendants by placing the donors' names on the wall;

(b)     provide publicity to Defendants for the Projects thereby placing Defendants in a positive light;

(c)     allow Franklin to trade on Evan's personal reputation and credibility in Israel;

(d)     introduce Franklin to dignitaries and persons of influence in Israel and vouch for Franklin's credibility and integrity;

4

(e)     assist and allow Franklin and Free Chapel to use the Projects in raising donated funds in the U.S. for Churches United's purposes regarding the Projects; and

(f)     provide Franklin with contact information for donors who contribute to Churches United.

12.     The parties, consistent with the above agreement, thereafter solicited donations from the public through various video and in-person appeals for charitable funds to be used on the Projects. Evans appeared with Franklin on the video and in-person appeals on multiple occasions. The Projects garnered international media coverage.

13.     Prior to any work or solicitation of donor funds for the Projects, Churches United had previously purchased real property on Rivlin Street in Jerusalem, Israel (the "Property"), and planned, began construction of, and renovated apartment complexes designed for Holocaust survivors in accordance with their needs.  The apartments are presently ready for occupancy.

14.     Franklin, individually, and on behalf of Free Chapel, represented to the public that the Prime Minister of Israel, Benjamin Netanyahu, requested Franklin support the Projects, and on numerous occasions represented to the general public that Defendants are the owners of the Property. These representations were not true.

5

15.     Consistent with the solicitation of donations agreement with Churches United, Franklin, individually, and on behalf of Free Chapel, represented to the public in advertisements that (i) donations to the Projects in excess of $1,000 would result in the donors' names being displayed on a "donors' wall" affixed and/or displayed upon the Property, and (ii) donors of $10,000 or more would have a star by their name on the donors' wall.

16.     On August 26, 2019, an associate of Franklin and Free Chapel delivered an email to Churches United containing a list of donor names meeting the minimum donation requirements for the Projects. Attached to the email were two Excel spreadsheets segregated into categories of minimum donation amounts for the Projects of either $1,000 or $10,000.  Upon information and belief, donors of less than $1,000 were not included on these Excel spreadsheet lists. The lists reflected a minimum of $1,000 from 4,215 donors and a minimum of $10,000 from 32 donors toward the Projects. These donation lists reflect total minimum donations of $4,535,000.

17.     Consistent with the Projects and agreement between the parties, a "donors' wall" was constructed by Churches United, and is located on the Property.

18.     To date, Defendants have transferred the total sum of $1,200,000 to Churches United for the Projects.

18997626v2

19.     Based on the donor names and donation amounts provided in the August 26, 2019, email described above, Defendants have failed to remit the difference between the amount transferred to Churches United and the total amount of donations received by Defendants, which is no less than $3,335,000, a significant deficiency differential. Upon information and belief, this deficiency does not account for donations of under $1,000.

20.     Since the construction of the Projects, Franklin, without the consent of Churches United, has been advertising the donors' wall, which is the property of Churches United, to solicit funds for unrelated projects, such as represented in an interview with Rabbi Tuly Weisz on September 22, 2019.

21.     On May 21, 2020, Churches United submitted a demand letter to Defendants in an attempt to informally address and rectify the issues, claims, and damages as described herein.  Defendants rejected Churches United's attempt to informally resolve the disputes between the parties.

### COUNT ONE
### (Breach of Contract)

22.     Plaintiffs incorporate by reference the preceding allegations above as though fully restated herein.

23.     The parties entered into a valid and enforceable contract in December 2017, wherein Franklin and Free Chapel agreed to remit 100% of donated funds to

7

Churches United for the Projects in exchange for the consideration described above.

24.     Churches United was the intended recipient and third-party beneficiary of the funds solicited by Defendants for the Projects.  Churches United pursued and completed the Projects based upon the representations of, and agreement with, Defendants.

25.     Defendants have breached the agreement by (i) withholding charitable funds from Churches United for the Projects in an amount not less than $3,335,000, and (ii) advertising the donors' wall for other unrelated projects of Defendants.

26.     Defendants' actions have caused and will continue to cause money damages to Churches United in an amount not less than $3,335,000.  The full extent of the damages caused by Defendants for their breaches of contract will be determined at the time of trial.

## COUNT TWO
## (Fraud in the Inducement)

27.     Plaintiffs incorporate by reference the preceding allegations above as though fully restated herein.

28.     Defendants made the material misrepresentations to Churches United with the intent to induce Churches United to enter into the above-described agreement in December 2017.

18997626v2

29.     Defendants knew at the time of the misrepresentations that Defendants would not transfer 100% of the charitable donations for the Projects to Churches United.

30.     Churches United relied upon the misrepresentations of Defendants when it was fraudulently induced into entering into the agreement with Defendants, which has resulted in monetary damages of not less than $3,335,000, including costs and expenses.

31.     Defendants acted willfully, wantonly, intentionally, with malice, and/or with reckless disregard for the rights of Churches United when Defendants committed the above-referenced wrongful acts, which warrant this Court imposing damages for the sake of example and punishment.

## COUNT THREE
### (Fraud in the Factum)

32.     Plaintiffs incorporate by reference the preceding allegations above as though fully restated herein.

33.     Franklin, individually, and on behalf of Free Chapel, made in December 2017, and continue to make, the material misrepresentation to Evans, Churches United, and others, regarding the use of funds solicited and donated for use toward the Projects.

34.     Defendants knew these representations were false when made.

9

35.    Defendants made the material misrepresentation to Evans, Churches United and others, with the intent that Plaintiffs rely upon those misrepresentations. Defendants intended for these misrepresentations to result in Defendants' retaining a majority of the solicited donations for personal or other purposes and to gain positive publicity for themselves from the Projects.

36.    Churches United took affirmative steps in furthering the development of the Projects based upon the false and material misrepresentations of Franklin and Free Chapel, including but not limited to the planning, design, construction, and completion of the Projects.

37.    As a result of Defendants' fraudulent misrepresentations, Churches United has incurred monetary damages of not less than $3,335,000, including costs and expenses.

38.    Defendants acted willfully, wantonly, intentionally, with malice, and/or with reckless disregard for the rights of Churches United when Defendants committed the above-referenced wrongful acts, which warrant this Court imposing damages for the sake of example and punishment.

## COUNT FOUR
### (Negligent Misrepresentation)

39.    Plaintiffs incorporate by reference the preceding allegations above as though fully restated herein.

18997626v2

40.     Defendant, Franklin, individually, and on behalf of Free Chapel, made representations to Evans, Churches United, and others, regarding the solicitation of donations for the Projects, as alleged herein above, that said representations constitute misstatements of material fact made without use of reasonable care in obtaining or communicating the information, and that Plaintiffs justifiably relied on Defendants' misrepresentations to their detriment.

41.     As a proximate result of said negligent misrepresentations, Churches United sustained monetary damages of not less than $3,335,000, including costs and expenses.

## COUNT FIVE
### (Misappropriation of Name or Likeness)

42.     Plaintiffs incorporate by reference the preceding allegations above as though fully restated herein.

43.     Defendants misappropriated Evans' name and likeness for the value associated with it, and not in an incidental manner or for a newsworthy purpose.

44.     Evans can be identified from the publication of numerous video appeals by Defendants for the solicitation of charitable funds to be used on the Projects as alleged herein.

45.     Defendants appropriated to their own use or benefit the reputation, prestige, and standing in the Christian and Jewish communities of Evans' name and likeness in order to solicit donations of charitable funds, which Defendants then

18997626v2

failed to remit to Churches United, without Evans' consent, contrary to the above-described agreement of the parties.

46.     Defendants further appropriated to their own use or benefit the reputation, prestige, and standing in the Christian and Jewish communities of Evan's name and likeness by advertising the donors' wall, which is the property of Churches United, to solicit funds for Defendants' unrelated projects, without Evans' consent, for the exclusive benefit of Defendants.

47.     Defendants' misappropriation of Evans' name and likeness resulted in damages to Evans in an amount in excess of $75,000 to be determined at time of trial.

## COUNT SIX
### (Civil Conspiracy)

48.     Plaintiffs incorporate by reference the preceding allegations above as though fully restated herein.

49.     Defendants acted in concert to defraud and damage Plaintiffs as alleged herein.

50.     Defendants had a meeting of the minds to defraud and damage Plaintiffs.

51.     Defendants undertook one or more unlawful acts, as alleged above, to accomplish the object of their conspiracy, including, but not limited to, defrauding

18997626v2

the general public and Plaintiffs, and misappropriating and unlawfully retaining charitable funds designated for transfer to Churches United for use on the Projects.

52.   As a direct and proximate result of Defendants' unlawful conspiracy and related acts, Plaintiffs have suffered and will continue to suffer damages and irreparable harm.

## COUNT SEVEN
### (Unjust Enrichment)

53.   Plaintiffs incorporate by reference the preceding allegations above as though fully restated herein.

54.   Consistent with the parties' agreement, the parties collaborated to solicit charitable funds from the public and advised the public that the funds would be used exclusively for the Projects.

55.   Charitable donations received by Defendants of not less than $3,335,000 have not been transferred to Churches United and are unaccounted for to the detriment of Churches United and the Projects.

56.   Defendants unjustly received and retained monetary gain as a result of their actions/inactions, which constitutes an unjust enrichment of Defendants and warrants the issuance of an order requiring Defendants to disgorge all of their monetary gain, an accounting, injunctive relief, and monetary damages.

18997626v2

## COUNT EIGHT
## (<u>Constructive Trust / Accounting</u>)

57.     Plaintiffs incorporate by reference the preceding allegations above as though fully restated herein.

58.     As a result of the fraudulent and unlawful actions and/or inactions of Defendants, this Court should issue an order imposing a constructive trust on all charitable funds received by Defendants as a result of Defendants' solicitation efforts for the Projects and which Defendants have failed to transfer to Churches United.

59.     Churches United is the intended beneficial interest holder of the solicited funds for the Projects.

60.     A constructive trust is an appropriate equitable remedy because Defendants, who are in possession of the donated charitable funds for the Projects, are withholding the funds from Churches United.

61.     Churches United requests this Court (i) authorize such relief as is necessary to trace, impose a constructive trust, and recover funds that have been improperly misappropriated and/or retained by Defendants and which were intended for the Projects, (ii) create a constructive trust on all those charitable funds withheld from Churches United, and (iii) prohibit Defendants' access to and removal of said charitable funds, except as provided for herein, or by order of this Court.

18997626v2

62.     In furtherance of the relief requested in this claim, Churches United additionally requests this Court order an impartial and disinterested accounting of Defendants to determine (i) the full extent of donations sent to Defendants for the Projects that were unlawfully withheld from Churches United, and (ii) the amount of damages for Churches United's other claims, including exemplary damages.

## COUNT NINE
## (Violation of Georgia Deceptive Trade Practices Act)

63.     Churches United incorporates by reference the preceding allegations above as though fully restated herein.

64.     The Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-372, provides:

> (a)  A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he:
>
> > (1)  Passes off goods or services as those of another
> > …
> > (12)  Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

65.     Further, O.C.G.A. § 10-1-421 forbids false advertising, which includes when a person or corporation disseminates statements to the public in the state of Georgia if the statements were "untrue or fraudulent and which is known or which by the exercise of reasonable care should be known to be untrue or fraudulent."

66.     Defendants sought and received undue credit for the Projects and monetary gain by falsely stating they own the subject Property and by willfully

18997626v2

soliciting charitable funds for other of Defendants' projects by using the donor's wall as incentive without the authorization or consent of Churches United.

67.     Defendants further represented to the general public, Evans and to Churches United that Defendants would remit all charitable funds to Churches United for the Projects, but thereafter willfully retained the charitable funds.

68.     Churches United sustained injury and/or damages as a result of Defendants' violations of the Georgia Deceptive Trade Practices Act and their false advertising.

69.     Due to Defendants' false advertising and violations of the Georgia Deceptive Trade Practices Act, Churches United is entitled to injunctive relief and costs.   Further, the willfulness of Defendants' actions warrants the award of attorneys' fees pursuant to O.C.G.A. § 10-1-373.

## COUNT TEN
### (Injunctive Relief)

70.     Plaintiffs incorporate by reference the preceding allegations above as though fully restated herein.

71.     Unless Defendants are enjoined from their fraudulent, willful, unlawful, and intentional misconduct, Defendants will likely cause continuing harm to Evans' reputation in the Christian and Jewish communities, which harm is immediate and irreparable harm for which a monetary judgment would be insufficient.

16

18997626v2

72.     Without such injunctive relief, Evans has and will suffer substantial loss, which is unascertainable at this time, and future economic loss which presently is incalculable.

73.     Evans is substantially likely to succeed on the merits in his claims against Defendants.

74.     Evans has no adequate remedy at law for Defendants' misconduct, as a money judgment will be inadequate to compensate for the harm caused by Defendants.

75.     Evans has a clear legal right to the requested relief based upon the above-referenced allegations set forth above.

76.     The balance of equities weighs heavily in favor of Evans.

77.     The public interest favors entry of this injunction to protect individuals from damage to their reputations through the misappropriation of their names and resulting damage to charitable, nonprofit organizations.

78.     For the above reasons, this Court should issue a temporary restraining order, preliminary injunction, and permanent injunction, which includes, but is not limited to enjoining or prohibiting Defendants from misappropriating Evans' name and likeness in connection with the solicitation of donations for the Projects, as well as the solicitation of donations for Defendants' own projects, or as otherwise ordered by the Court.

18997626v2

## DEMAND FOR JURY TRIAL

79.    Churches United and Evans demand that all issues be determined by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Churches United With Israel, Inc. and Michael Evans, respectfully request the Court to grant judgment against Defendants, Jentezen Franklin and Free Chapel Worship Center, Inc., for: (i) general and special damages in an amount in excess of $3,335,000, (ii) exemplary damages in an amount to be determined at time of trial, (iii) a constructive trust and accounting against all Defendants, (iv) a temporary restraining order, preliminary injunction and permanent injunction upon application, against all Defendants as described above, (v) pre- and post-judgment interest, costs and attorneys' fees, and (vi) any other and further relief as this Court may find just and proper under the law.

Respectfully submitted,

**William P. Eiselstein**
Georgia Bar No. 242798
Elizabeth J. Marquardt
Georgia Bar No. 944547
*Attorneys for Plaintiffs*
MILLER & MARTIN PLLC
Regions Plaza, Suite 2100
1180 W. Peachtree Street, NW
Atlanta, GA 30309
Telephone: (404) 404-962-6100
Fax: (404) 962-6300

18997626v2

Email: billy.eiselstein@millermartin.com
elizabeth.marquardt@millermartin.com

and

Michael J. King, OBA #5036
(*Application Pro Hac Vice to be submitted*)
Ted J. Nelson, OBA #10108
(*Application Pro Hac Vice to be submitted*)
WINTERS & KING, INC.
2448 East 81st Street, Suite 5900
Tulsa, Oklahoma 74137
(918) 494-6868 Telephone
(918) 491-6297 Facsimile
*Attorneys for Plaintiffs*

**ATTORNEYS LIEN CLAIMED**

19